# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-02635 – DME-MJW

JAPAN BIO SCIENCE LABORATORY CO., LTD.,

    Plaintiff and Counterclaim Defendant,

v.

N-ZYMECEUTICALS, INC.

    Defendant and Counterclaim Plaintiff.

## STIPULATED PROTECTIVE ORDER

    WHEREAS, the parties to this action recognize that during the scope of this action, they may be required to disclose trade secrets, confidential research, or extremely sensitive commercial, manufacturing, financial, process marketing or business information, or other confidential information within the meaning of Fed. R. Civ. P. 26(c);

    WHEREAS, such sensitive information should not be released to the public domain, but rather should be treated as confidential pursuant to the Federal Rules of Civil Procedure and the privacy interests of the parties;

    WHEREAS, the unnecessary disclosure or dissemination of such confidential information could cause irreparable competitive harm to the owner of such information;

    IT IS HEREBY ORDERED that the terms and conditions of this Protective Order shall govern initial disclosures, the production and handling of documents and things, answers to interrogatories, responses to requests for admissions, depositions, inspections, pleadings, exhibits and other information exchanged by the parties, or received from non-parties, in this action:

**Proceedings and Information Governed**

1.       This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action, *Japan Bio Science Laboratory Co., Ltd. v. N-Zymeceuticals, Inc.*, Civil Action No. 07-CV-02635-DME-MJW ("Action").  The information protected includes, but is not limited to, answers to interrogatories, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and documents, writings or other things produced, whether documentary or oral, voluntarily given or obtained through discovery or filed in this Action that are designated by a party as "Confidential Information" or "Highly Confidential Information – Counsel Only" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information, all of which shall be referred to hereinafter as "Information."

**Designation and Maintenance of Information**

2.       For purposes of this Protective Order, the "Confidential Information" designation shall mean that the Information so designated is comprised of trade secrets, commercial information, competitively sensitive business information or financial information, which is not publicly known and is of technical or commercial advantage to its possessor, or other information required by law or agreement to be kept confidential.

3.       Information produced during the course of this Action within the scope of Paragraphs 1 and 2 above, may be designated by the producing party as containing Confidential Information by placing on each page a legend substantially as follows:

Such designation shall be placed on the page so that it will not interfere with the legibility of material on the page.

4. A party may, in good faith, designate certain limited types of information as "Highly Confidential Information – Counsel Only." This designation shall be reserved for discovery material or testimony of a highly confidential and/or proprietary nature. Documents or materials may be designated Highly Confidential Information – Counsel Only by placing on each page a legend substantially as follows:

Highly Confidential – Counsel Only – 07-CV-02635

Such designation shall be placed on the page so that it will not interfere with the legibility of material on the page.

5. A party may designate Information disclosed at a deposition as Confidential Information or Highly Confidential – Counsel Only information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. After receipt of the transcript, and only upon written demand of the receiving party to specifically designate the testimony, the designating party shall have seven (7) calendar days after receipt of such demand to designate, in writing to the other parties and to the court reporter, those portions of the testimony in the transcript that the designating party is designating as Confidential Information or Highly Confidential – Counsel Only information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

6. If a witness is providing or provided Highly Confidential – Counsel Only information during a deposition, counsel for the Producing Party may request that all persons other than persons entitled by this Confidentiality Agreement to have access to Highly Confidential – Counsel Only information leave the deposition room during that portion of the deposition. Failure of any person to comply with such a request will constitute sufficient justification for the witness to refuse to answer the question, or for the producing party to demand that Highly Confidential – Counsel Only information not be provided to the witness, pending resolution of the issue.

7. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Highly Confidential Information – Counsel Only in a secure manner and to appropriately identify such Information so as to allow access to such Information only to such persons and under such terms as is permitted under this Protective Order. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any document or thing marked or designated as Confidential Information or Highly Confidential – Counsel Only information and shall be responsible for insuring that each of his or her regularly employed partners, associates, paralegals, assistants and clerical staff who are assisting in this Action and the proposed recipients of Confidential Information or Highly Confidential – Counsel Only information are informed of the terms of this Protective Order and their obligations under it.

**Disclosure and Use of Confidential Information and Highly Confidential – Counsel Only Information**

8. Information designated as Confidential Information may only be used for purposes of preparation, hearing and appeal of this Action. Confidential Information may not

be used under any circumstances for any purpose other than prosecution of the parties' claims and defenses in this Action and in no event may any such Information be shared with or disclosed to any third party, including without limitation, any customer or supplier of any of the parties, or said third parties' officers, owners, directors, employees, agents, representatives, parents, subsidiaries, affiliates, attorneys, or consultants.

9. Confidential Information may be disclosed to the following individuals provided that such individuals are informed of and agree to the terms of this Protective Order: (a) the parties to this Action; (b) counsel of record for the respective parties and their associated attorneys, paralegal, clerical and secretarial employees, private photocopying services engaged in the conduct of this action; (d) experts or consultants pursuant to Paragraphs 15-18, below; (e) third-party witnesses during the course of their deposition; (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; (g) any other person as to whom the parties may agree in writing; and (h) the Court and Court personnel, including stenographic reporters.

10. Highly Confidential – Counsel Only information and documents shall be maintained in strict confidence for use by outside counsel and in-house counsel for the parties and shall be used solely for the purposes of this litigation. Highly Confidential – Counsel Only information and documents shall not be disclosed to any person except those listed in Paragraph 9, subparagraphs (b), (d) (f) and (h). Highly Confidential – Counsel Only information and documents may be disclosed to parties to this Action only to the extent necessary to prepare those persons for depositions or court proceedings. In the event that counsel for any party to this Action intends to disclose – directly or indirectly - Highly Confidential – Counsel Only

information and/or documents to their client(s) or client representative(s), said counsel must first give to all other counsel written notice which shall state the reason for the proposed disclosure. Opposing counsel shall then have three (3) business days to object in writing to such disclosure. In the event that such objection is lodged, the counsel intending to disclose the information shall not disclose it without written permission from the objecting party or an order from this Court.

11. Further, prior to disclosing Confidential Information or Highly Confidential – Counsel Only information to those individuals listed in Paragraph 9 above, the receiving party shall provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A.

12. Confidential Information or Highly Confidential – Counsel Only information may be disclosed to a person, not already allowed access to such information under this Protective Order, if:

    (a) the Information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a Rule 30(b)(6) designee (or its informal equivalent);
    (b) the designating party is the party for whom the person is a director, officer, employee, consultant or agent; or
    (c) counsel for the party designating the Information agrees that the Information may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the Court and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of the Information. Disclosure of Information pursuant to this paragraph shall not constitute a waiver of the confidential status of the Information so disclosed.

**Inadvertent Failure to Designate**

13. The inadvertent failure to designate or withhold any Information as Confidential Information or Highly Confidential – Counsel Only information or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as Confidential Information or Highly Confidential – Counsel Only information or privileged at a later date in writing and with particularity. The Information shall be treated by the receiving party as confidential or privileged from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations**

14. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day timeframe, the receiving party may at any time thereafter seek an Order of the Court to alter the confidential status of the designated Information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the Information shall continue to be accorded the confidential treatment required by this Protective Order. In connection with any party's efforts to alter the confidential status of the designated Information, the burden shall be on the requesting party to prove the appropriateness of the Confidential or Highly Confidential – Counsel Only designation by a preponderance of the evidence.

**Disclosure to Independent Experts**

15. For purposes of this Protective Order, "Independent Expert" means an expert or independent consultant or contractor, who is (a) not an employee of the party, (b) has not been an employee of any party or its affiliates within the past five (5) years, and (c) is retained for the purpose of advising and assisting counsel in the preparation of trial in this action. The term includes those who are retained to provide expert testimony, those who are retained to give advice but not to provide expert testimony, and those who are retained for both purposes. The term shall also include assistants of such individuals to whom it is necessary to disclose the Confidential Information or Highly Confidential – Counsel Only information for purposes of this action, so long as such assistants are not employed by a party.

16. Independent Experts may have access to and make use of, for purposes of this litigation only, Confidential Information or Highly Confidential – Counsel Only information coming under the terms of this Protective Order, subject to its provisions. Prior to any Independent Experts, or assistant thereto, receiving or reviewing and Confidential Information or Highly Confidential – Counsel Only information, he or she must execute a copy of Exhibit A hereto.

17. Confidential Information or Highly Confidential – Counsel Only information may be made available to Independent Experts, and their assistants, no sooner that ten (10) business days after the following information is made known in writing to the party whose Confidential Information or Highly Confidential – Counsel Only information will be made available to the Independent Expert:

- The identity of that Independent Expert and each assistant to whom Confidential Information will be disclosed, including name, address, education, present employment, general area of expertise and resume; and
- All other present and all prior relationships of that Independent Expert or assistant with any parties to this case.

18. If any party objects to the disclosure of Confidential Information or Highly Confidential – Counsel Only information to an Independent Expert, the objecting party shall serve written objections on all parties, identifying with particularity the basis for the objections. Such objections shall not be unreasonably made. Service of the objections shall be by personal delivery, e-mail, facsimile, or by certified or registered mail/return receipt requested, and received within ten (10) business days after the date of receipt of the identification of an Independent Expert. If the parties cannot agree on disclosure of Confidential Information or Highly Confidential – Counsel Only information to the proposed Independent Expert, the objecting party shall promptly file and serve a Motion for an Order Forbidding Disclosure to the Proposed Independent Expert. On any such motion, the objecting party shall have the burden of proof. No Confidential Information or Highly Confidential – Counsel Only information shall be disclosed to that Independent Expert until the validity of the objection has been resolved, either by negotiation or by the Court.

**Disclosure to Authors and Addressees**

19. The designation of any document under the terms of this Order shall not preclude any party from showing the document to any person who appears to be the author, addressee or recipient on the face of the document.

**Non-Party Information**

20. The existence of this Protective Order shall be disclosed to any person producing Information in this action who may reasonably be expected to desire confidential treatment for such Information. Any such person may designate Information it provides as Confidential Information or Highly Confidential – Counsel Only information pursuant to this Protective Order.

**Filing Documents With the Court**

21. In the event that any party wishes to submit Confidential Information or Highly Confidential – Counsel Only information to the Court, such a submission shall be filed only in a sealed envelope bearing the caption of this action and a notice in the following form:

CONFIDENTIAL INFORMATION (or Highly Confidential – Counsel Only information)
*Japan Bio Science Laboratory Co., Ltd. v. N-Zymeceuticals, Inc.*
Civil Action No. 07-CV-02635-DME-MJW
This envelope, which is being filed under seal, contains
documents or things that are subject to a Protective Order governing
the use of confidential discovery material.

**Use at Trial**

22. Disclosure and use of Confidential Information or Highly Confidential – Counsel Only information at trial and in subsequent proceeding shall be governed by the terms of an Order to be entered by the Court at the appropriate time.

**Subpoena By Third Parties, Other Courts or Agencies**

23. If a third party, another court or administrative agency subpoenas or orders production of material designated for protection under this Protective Order which a party has obtained under the terms of this Order, such party shall promptly notify the designating party of

the existence and terms of such subpoena or order and of the deadline by which material responsive to the subpoena or order must be produced.

**<u>No Prejudice</u>**

24. Producing or receiving Information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of Information that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular Information be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular Information. Nothing in this Order shall be construed as an admission or agreement that any specific information is or is not confidential, subject to discovery, relevant, or admissible in evidence in any future proceeding.

**<u>Conclusion of Litigation</u>**

25. Within ninety (90) calendar days after final adjudication of the Action, including the exhaustion of all appeals, or within ninety (90) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party all Information containing Confidential Information or Highly Confidential – Counsel Only information, and to certify to the producing party such destruction or return. However, counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits and attorney work provided that

any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Modification and Survival**

26. This Order may be amended without leave of the Court by agreement of counsel for the parties in the form of a stipulation that shall be filed in this case. In particular, the parties agree to accommodate requests by third parties to treat certain highly sensitive information in accordance with restrictive special handling provisions to be agreed upon between the parties and the third parties, should any information be disclosed by a third party in connection with this action. Otherwise, the restrictions imposed by this Order may only be modified or terminated by written stipulation of all parties or by order of the Court. This Order shall survive termination of this action.

**Remedies**

27. It is agreed by the parties that this Protective Order and any issues relating to performance under, compliance with or violations of this Protective Order will be enforced by the United States District Court for the District of Colorado.

28. A violation of this Protective Order shall be deemed a contempt of Court subject to any and all penalties and sanctions as the Court deem appropriate.

29. The penalties set forth above shall not preclude the filing of an independent legal action against any person or entity who violates the terms of this Protective Order, nor shall those remedies limit in any way the liability of any person or entity found to have violated this Protective Order.

Dated this 31st Day of July, 2008.

BY THE COURT :

**S/ Michael J. Watanabe**
_____

**MICHAEL J. WATANABE**

United States Magistrate Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-02635 – DME-MJW

JAPAN BIO SCIENCE LABORATORY CO., LTD.,

      Plaintiff and Counterclaim Defendant,

v.

N-ZYMECEUTICALS, INC.

      Defendant and Counterclaim Plaintiff.

---

## DECLARATION UNDER PROTECTIVE ORDER

---

 I, _____, declare as follows:

1.    My address is _____.

2.    My present employer is _____.

3.    My present job position is _____.

4.    Pursuant to the Protective Order entered by the Court in this case ("Order"), I hereby acknowledge that I may receive information designated under the Order, and I certify my understanding that such information is provided to me pursuant to the terms and restrictions of that Order.

5.    I further state that I have been given a copy of, and have read the Order, that I am familiar with its terms, and I agree to comply with and to be bound by each of its terms, and that I agree to hold in confidence any information disclosed to me pursuant to the terms of the Order and to use such information solely for the purpose of this action.

## EXHIBIT A

6.	To assure compliance with the Order, I hereby submit myself to the jurisdiction of the United States District Court for the District Court of Colorado and any other United States District Court having personal jurisdiction over me for the limited purpose of any proceedings relating to the performance under, compliance with, or violation of the Order.

7.	I understand that I am to retain all of the material that I receive which has been designated under the Order in a manner consistent with the Order and that all such materials are to remain in my custody until I have completed my assigned duties. I further understand that, upon the completion of my assigned duties they are to be returned to the counsel or party by whom I have been retained or they are to be destroyed. I also understand that any materials, memoranda, work notes, or other documents derived from documents designated under the Order are to be delivered to the counsel or party by whom I have been retained or they are to be destroyed. Such delivery or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Order. I further agree to notify any clerical personnel who are required to assist me of the terms of the Order.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Signed at _____ on this \_\_\_\_ day of_____, 2008.

_____

{00185503.DOC / 3}
9159\29\1175830.2                    15