IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02635-DME-MJW

JAPAN BIO SCIENCE LABORATORY CO., LTD.,

Plaintiff,

v.

N-ZYMECEUTICALS, INC.,

Defendant.

---

**RECOMMENDATION THAT
SANCTIONS BE IMPOSED AGAINST THE DEFENDANT, NAMELY, ENTRY OF
DEFAULT AND DEFAULT JUDGMENT AND AN AWARD OF PLAINTIFF'S
REASONABLE EXPENSES, INCLUDING ATTORNEY FEES,
FOR FAILURE TO APPEAR AND FAILURE TO RETAIN COUNSEL**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by Circuit Judge David M. Ebel on December 28, 2007. (Docket No. 4).

In an Order dated November 17, 2008, this court granted an Unopposed Motion to Withdraw as Counsel of Record for Defendant, N-ZymeCeuticals, Inc. (Docket No. 48). In that Motion to Withdraw, defense counsel gave defendant notice that N-Zyme was personally responsible for complying with all Court orders and time limitations established by any applicable rules and "[t]hat N-Zyme, as a legal entity, cannot appear without counsel admitted to practice before this Court, and absent prompt appearance

of substitute counsel, pleadings, motions and other papers may be stricken and default judgment or other sanctions may be imposed against N-Zyme." (Docket No. 43 at 3). A copy of that motion was sent by defense counsel to N-Zyme's representatives, Ralph and Marcella Holsworth.

Months before defense counsel moved to withdraw, in a Minute Order entered on May 16, 2008 (Docket No. 39), a Final Pretrial Conference was set before this court on December 8, 2008, at 8:30 a.m., and the proposed Final Pretrial Order was to be submitted by December 3, 2008. Plaintiff's counsel timely submitted such Order (Docket No. 56) and appeared as directed for the Final Pretrial Conference. Defendant, however, failed to appear as directed.

Furthermore, despite the notice given to defendant by its prior counsel, new counsel has yet to appear for defendant in this action. The Tenth Circuit has a "long-standing rule that a corporation must be represented by an attorney to appear in federal court." Tal v. Hogan, 453 F.3d 1244, 1254 & n.8 (10th Cir. 2006).

Consequently, an Order to Show Cause was issued by this court on December 9, 2008 (Docket No. 60), in which defendant's representatives were advised of the applicable provisions of Federal Rule of Civil Procedure 16(f) and 37(b)(2)(A)(ii)-(vii), and this court directed that on January 9, 2009, at 9:00 a.m. a Show Cause Hearing would be held at which counsel for and a representative of the defendant were "to appear in person and show cause why sanctions should not be imposed (which could include entry of a default, a finding of contempt, and/or an award of plaintiff's reasonable expenses including attorney fees for the December 8, 2008, appearance) for defendant's failure to appear and failure to comply with a court order pursuant to

Fed. R. Civ. P. 16(f)." (Docket No. 60 at 3). In addition, defendant was ordered to retain counsel forthwith who shall forthwith enter an appearance in this action. (Docket No. 60 at 3). A copy of that Order to Show Cause was sent to defendant's representatives, Ralph Holsworth and Marcella Holsworth, by regular and certified mail. (See Docket Nos. 61 and 62). A signed Return Receipt was returned to the court by the U.S. Postal Service indicating the mailing was received on December 17, 2008. (Docket No. 63).

Plaintiff's counsel appeared on January 9, 2009, as did a representative for the defendant, Ralph Holsworth, who appeared without counsel and advised the court that he had an appointment with an attorney that afternoon. Consequently, this court vacated and reset the Show Cause Hearing to February 12, 2009, at 8:30 a.m. and continued the Order to Show Cause (Docket No. 60) to and including February 12, 2009. (Docket No. 65 - Courtroom Minutes/Minute Order). The court noted at that time and in the Courtroom Minutes/Minute Order that this would be the final opportunity for defendant to retain counsel. The court directed that defense counsel shall be present at the February 12, 2009, Show Cause Hearing or the court anticipated that it would issue a written recommendation that default judgment be entered against the defendant corporation. (Docket No. 65).

Despite the clear directives of this court, no one appeared for the defendant on February 12, 2009, at 8:30 a.m. No one contacted the court, either by telephone or in writing, on behalf of the defendant before or at the time of the hearing. No appearance of counsel has yet been made for the corporate defendant. The court notes that the weather in Denver at the time of the February 12 hearing was sunny and clear, and the

roads were clear. Plaintiff's counsel appeared once again and advised the court that she had not heard from anyone on behalf of the defendant prior to the hearing.

As this court stated in the Order to Show Cause, Rule 16(f) of the Federal Rules of Civil Procedure provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) **rendering a default judgment against the disobedient party**; or
>
> (vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). In addition, Rule 16(f)(2) provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with thus rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Based upon the foregoing, it is hereby

**RECOMMENDED** that a default judgment be rendered against the defendant pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(vi) and that pursuant to Fed. R. Civ. P. 16(f)(2) defendant be directed to pay plaintiff the reasonable expenses, including attorney fees, incurred by plaintiff for the appearances on January 9 and February 12, 2009.  It is further

**ORDERED** that the Clerk of Court shall send a copy of this Recommendation to defendant's representatives by regular and certified mail to: Ralph and Marcella Holsworth, P.O. Box 278, Pagosa Springs, CO 81147.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: February 12, 2009　　　　　　　　　　s/ Michael J. Watanabe  
　　　Denver, Colorado　　　　　　　　　　　Michael J. Watanabe  
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge