IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02635-DME-MJW

JAPAN BIO SCIENCE LABORATORY CO., LTD.,

   Plaintiff,

v.

N-ZYMECEUTICALS, INC.,

   Defendant.

**ORDER ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND GRANTING DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 16(f)**

   This matter is before the Court upon Magistrate Judge Watanabe's report and recommendation of February 12, 2009 (Dkt. # 68).  The magistrate judge recommended that because Defendant, N-ZymeCeuticals, Inc. ("N-Zyme"), has repeatedly failed to comply with the Court's orders, default judgment be granted against N-Zyme pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(vi).  Judge Watanabe further recommended that, also pursuant to Rule 16(f), N-Zyme be directed to pay the reasonable costs, including attorneys' fees, incurred by Plaintiff, Japan Bio Science Laboratory, Inc. ("JBSL"), for its appearance at two show-cause hearings at which N-Zyme failed to appear.  Neither party filed objections to the report and recommendation.

**I.      Background**

As the magistrate judge's report and recommendation explains in detail, N-Zyme has been without attorney representation since November 17, 2008, when the Court granted an unopposed motion for N-Zyme's attorneys of record to withdraw.  (Dkt. #43, 48.)  N-Zyme repeatedly has been put on notice that under Tenth Circuit law, "a corporation must be represented by an attorney to appear in federal court."  (See report and recommendation at 1-2, quoting Tal v. Hogan, 453 F.3d 1244, 1254 & n.8 (10th Cir. 2006).)  Following the withdrawal of its attorneys of record, N-Zyme (1) failed to file its proposed Final Pretrial Order; (2) failed to appear at the Final Pretrial Conference on December 8, 2008; (3) appeared without counsel at a January 9, 2009, hearing at which it had been directed to show cause why sanctions–including possible entry of default judgment–should not be imposed against it, pursuant to Rule 16(f), for its failure to appear at the Final Pretrial Conference; (4) failed to comply with a court order to retain counsel that would "forthwith enter an appearance" in the action; (5) failed to appear at a rescheduled show-cause hearing on February 12, 2009; (6) failed to offer any bona fide reason for its failure to comply with the Court's orders; and (7) failed to object to the magistrate judge's report and recommendation.

**II.     Standard of review**

Because neither party filed objections to the report and recommendation, this Court may apply, in its "considerable discretion," "any standard [of review] it deems appropriate."  Summers v. Utah, 927 F.2d 1165, 1167-68 (10th Cir. 1991).  Indeed, the

-3-

Supreme Court has explained that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." Thomas v. Arn, 474 U.S. 140, 150 (1985).

Here, the Court has reviewed Magistrate Judge Watanabe's report and recommendation to ensure that there is no "clear error on the face of the record." See Strepka v. Sailors, 494 F. Supp. 2d 1209, 1215 (D. Colo. 2007).

### III.  Discussion

####     A.     Fed. R. Civ. P. 16(f)

Rule 16(f) provides in relevant part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A)(vi) further provides that one of the "just orders" that the court may issue as a Rule 16(f) sanction is "rendering a default judgment against the disobedient party." Additionally, Rule 16(f) provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

The Tenth Circuit interpreted Rule 16(f)'s and Rule 37(b)(2)(A)(vi)'s authorization for imposition of default judgment in M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869 (10th Cir. 1987). In M.E.N. Co., the court explained that

> [b]ecause a default judgment is a harsh sanction, due process requires that [a party's] "failure" [to comply with scheduling or other court orders] is a sufficient ground only when it is the result of "wil[lful]ness, bad faith, or some fault of [that party]" rather than inability to comply. We have defined a willful failure as "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown."

M.E.N. Co., 834 F.2d at 872-73 (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 640 (1976) (internal alteration omitted); and In re Standard Metals Corp., 817 F.2d 625, 628-29 (10th Cir. 1987)).

B.   Finding of fact as to N-Zyme's willful failure to comply with orders

Based on the facts detailed in the magistrate judge's report and recommendation, this Court additionally finds that N-Zyme's failure to file the proposed final pretrial order, failure to appear for the final pretrial conference, failure to appear with counsel at the first show-cause hearing, failure to secure counsel that entered an appearance in the action, and failure to appear at all at the second show-cause hearing constituted "intentional failure[s]" rather than "involuntary noncompliance" with the court's orders. See M.E.N. Co., 834 F.2d at 872-73. N-Zyme had ample notice, both from its withdrawn counsel and from the magistrate judge, that it could not appear before this Court without an attorney and that its violation of the magistrate judge's orders could lead to sanctions, including imposition of default judgment, under Rule 16(f). Furthermore, N-Zyme has offered no

explanation for its failure to comply with the magistrate judge's orders, and there is no evidence in the record to suggest that that failure was "involuntary."[1]

## IV. Conclusion

Finding no clear error on the face of the record, this Court ADOPTS Magistrate Judge Watanabe's report and recommendation IN FULL.

Pursuant to Fed. R. Civ. P. 16(f), it is hereby ORDERED that DEFAULT JUDGMENT SHALL ENTER against N-Zyme in the amount of $374,190.00. Prejudgment interest is DENIED, because Magistrate Judge Watanabe did not recommend an award of such interest in his report and recommendation, and JBSL did not object to the report and recommendation; and because of a failure of proof, in the complaint, as to the exact date upon which the sum of $374,190.00 became due. Postjudgment interest shall accrue pursuant to 28 U.S.C. § 1961.

It is further ORDERED that N-Zyme shall pay JBSL's reasonable costs, including attorneys' fees, for JBSL's appearance at the Final Pretrial Conference on December 8, 2008; the originally scheduled show-cause hearing on January 9, 2009; and the rescheduled show-cause hearing on February 12, 2009. JBSL is ORDERED to submit,

---

[1] In Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 210-12 (1958), the case in which the Supreme Court first articulated the "willfulness, bad faith, or . . . fault" standard quoted in M.E.N. Co., the Court explained that the conduct at issue in that case–a party's failure to comply with a discovery order because it was prevented from doing so by potential criminal sanctions under foreign law–was a failure "fostered neither by its own conduct nor by circumstances within its control." In this case, by contrast, there is nothing in the record to show that N-Zyme's failure to comply with court orders was similarly fostered by something other than its own conduct or circumstances within its control.

no later than May 15, 2009, documentation of its costs and attorneys' fees incurred in connection with the Final Pretrial Conference and the two show-cause hearings. The Court requests Magistrate Judge Watanabe's prompt consideration of this documentation, and his preparation and submission of a report and recommendation as to the Court's determination of JBSL's attorneys' fees under Rule 16(f). JBSL's request for attorneys' fees (see Dkt. #1 at 3-4) beyond those specified above is DENIED.

It is further ORDERED that N-Zyme's counterclaims against JBSL are dismissed with prejudice in their entirety.

This decision disposes of all remaining issues and claims in this case; accordingly, this case is CLOSED.

DATED at Denver, Colorado, this 23rd day of April, 2009.

BY THE COURT:

*s/ David M. Ebel*
_____
David M. Ebel
United States Circuit Judge