IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02635-DME-MJW

JAPAN BIO SCIENCE LABORATORY CO., LTD.,

Plaintiff,

v.

N-ZYMECEUTICALS, INC.,

Defendant.

---

**RECOMMENDATION REGARDING:**
**ATTORNEY FEES AND COSTS AWARDED TO PLAINTIFF JAPAN BIO SCIENCE LABORATORY CO., LTD.,**
**FOR**
**(1) THE FINAL PRETRIAL CONFERENCE ON DECEMBER 8, 2008;**
**(2) THE ORIGINALLY-SCHEDULED SHOW CAUSE HEARING ON JANUARY 9, 2009; AND,**
**(3) THE RESCHEDULED SHOW CAUSE HEARING ON FEBRUARY 12, 2009**
**(DOCKET NO. 71)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court based upon Judge Ebel's Order Adopting Recommendation of United States Magistrate Judge and Granting Default Judgment Pursuant to Fed. R. Civ. P. 16(f) (docket no. 71). In this Order, Judge Ebel directed Magistrate Judge Watanabe to determine the amount of reasonable costs, including attorney fees, that should be awarded to Plaintiff Japan Bio Science Laboratory Co., Ltd. ("JBSL"), for having to appear at the Final Pretrial Conference set on December 8, 2008; the originally-scheduled show cause hearing on January 9, 2009; and the

2

rescheduled show cause hearing on February 12, 2009. This court has reviewed JBSL's Bill of Costs (docket no. 73). The Defendant N-Zymeceuticals, Inc. ("N-Zyme"), has failed to file any timely response to JBSL's Bill of Costs. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Defendant N-Zyme has failed to file any timely response to Plaintiff JBSL's Bill of Costs (docket no. 73) and thus has confessed the amounts requested in such Bill of Costs (docket no. 73);

5. The benchmark for an award of attorney fees under nearly all of the federal statutes authorizing an award of attorney fees is that the amount of the fees awarded be "reasonable." <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 562 (1986). "The lodestar figure - reasonable hours times reasonable rate - is the mainstay of the calculation of a reasonable fee."

3

Anderson v. Secretary of Health & Human Servs., 80 F.3d 1500, 1504 (10th Cir. 1996).

In this case, the court has considered those factors as outlined in the cases of Poolaw v. City of Anadarko, Okl., 738 F.2d 364 (10th Cir. 1984), overruled on other grounds, Skinner v. Total Petroleum, Inc., 859 F.2d 1439, 1445 n.6 (10th Cir. 1988), and Blanchard v. Bergeron, 489 U.S. 87 (1989). Taking these factors into consideration, this court finds that the hourly rates charged and the time spent by Plaintiff JBSL's attorneys are fair and reasonable hourly rates for attorneys practicing law in Denver, Colorado. Moreover, the court finds that the sum of $6,283.00 in attorney fees and $3,583.00 in costs are fair, reasonable, and necessary for having to prepare and attend the Final Pretrial Conference set on December 8, 2008; the originally-scheduled show cause hearing on January 9, 2009; and, the rescheduled show cause hearing on February 12, 2009.

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **RECOMMENDS**:

1. That Plaintiff JBSL's Bill of Costs (docket no. 83) be **GRANTED**;
2. That Defendant N-Zyme pay to Plaintiff JBSL the sum of $6,283.00

4

in attorney's fees and $3,583.00 in costs on or before June 25, 2009.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done the 9th day of June 2009.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge