IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02635-DME-MJW

JAPAN BIO SCIENCE LABORATORY CO., LTD.,

        Plaintiff,

v.

N-ZYMECEUTICALS, INC.,

        Defendant.

## ORDER ADOPTING IN PART RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND AWARDING ATTORNEYS' FEES

This matter is before the Court upon Magistrate Judge Watanabe's Recommendation of June 9, 2009 (Dkt. # 77). Judge Watanabe issued the Recommendation in response to the Court's April 23, 2009, order (Dkt. #71) granting default judgment to Plaintiff, Japan Bio Science Laboratory, Inc. ("JBSL"), and ordering Defendant, N-ZymeCeuticals, Inc. ("N-Zyme"), to pay JBSL's reasonable costs, including attorneys' fees, for JBSL's appearance at the Final Pretrial Conference on December 8, 2008; the originally scheduled show-cause hearing on January 9, 2009; and the rescheduled show-cause hearing on February 12, 2009. Having considered JBSL's proposed bill of costs (Dkt. # 73), Judge Watanabe recommended that the Court grant that bill of costs and order N-Zyme to pay JBSL the sum of $6,283.00 in attorneys' fees and $3,583.00 in costs on or before June 25, 2009. Neither party filed objections to the Recommendation.

I.    Standard of review

Because neither party filed objections, this Court may, in its "considerable discretion," review the Recommendation under "any standard it deems appropriate." Summers v. Utah, 927 F.2d 1165, 1167-68 (10th Cir. 1991). The Court has reviewed the Recommendation for "clear error on the face of the record." See Strepka v. Sailors, 494 F. Supp. 2d 1209, 1215 (D. Colo. 2007).

II.   Discussion

For the reasons that follow, the Court concludes that there is clear error on the face of the record, traceable to error by JBSL. The Court thus adopts the Recommendation only in part.

    A.    *JBSL's proposed bill of costs*

In the body of its proposed bill of costs, JBSL averred that it had "reasonably incurred attorney fees in the sum of $6,283.00" in connection with its appearance at the Final Pretrial Conference on December 8, 2008; the originally scheduled show-cause hearing on January 9, 2009; and the rescheduled show-cause hearing on February 12, 2009. (Dkt. #73 at ¶ 3.) The accompanying affidavit of Elizabeth J. Peros provided documentation supporting that claim. (Id., Affidavit at 1-2; Exhibits.) However, in the conclusion to its proposed bill of costs, JBSL requested not $6,283.00 in attorneys' fees, but rather $3,583.00. (Id. at ¶ 6.) This typographical error apparently misled Magistrate Judge Watanabe, who mistakenly construed it as JBSL's request for non-attorney-fee costs. (Recommendation at 3-4.)

-2-

JBSL's actual request for non-attorney-fee costs, made pursuant to Fed. R. Civ. P. 54(d)(1), was for $10,309.71.  (Id. at ¶¶ 4, 5.)  JBSL's exhibits offered in support of this request identified "costs" incurred by JBSL for "Administrative Fee[s]," a "Law Toolbox Fee," a "Research Fee," a Westlaw fee, a "Background Check Fee (Investigative), a "CoCourts.com fee," several "Federal Express Delivery Fee[s]," and a fee for the "Professional Services" of Private Investigator David Williams.  (Id., Affidavit at 3-4; Exhibits.)  Despite finding that by failing to file any timely response to the bill of costs, N-Zyme had "confessed the amounts requested" by JBSL, Magistrate Judge Watanabe recommended that this Court grant JBSL non-attorney-fee costs in the amount of $3,583.00, the figure erroneously used by JBSL in its concluding request for attorneys' fees.

  B.  *Costs recoverable under Fed. R. Civ. P. 54(d)(1)*

In Crawford Fitting Company v. J.T. Gibbons, Inc., 482 U.S. 437, 440-42 (1987), the Supreme Court held that "the term 'costs' as used in Rule 54(d)" is defined by the language of 28 U.S.C. § 1920.  Section 1920 grants federal courts the authority to "tax as costs the following:"

  (1) Fees of the clerk and marshal;
  (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
  (3) Fees and disbursements for printing and witnesses;
  (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
  (5) Docket fees under section 1923 of . . . title [28]; [and]

>   (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of . . . title [28].

28 U.S.C. § 1920.  The Crawford Fitting Court explicitly rejected the possibility that "the discretion granted by Rule 54(d) is a separate source of power to tax as costs expenses not enumerated in § 1920."  482 U.S. at 441.  Instead, the Court explained, "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."  Id. at 441-42.

In this case, JBSL has requested, pursuant to Rule 54, a number of costs (e.g., a fee for the services of a private investigator) that seem to lie well outside the purview of § 1920.  (See Dkt. #73, Affidavit at 3-4; Exhibits.)

   C.   *Ruling on the Magistrate Judge's Recommendation*

      1.   Attorneys' fees

Despite JBSL's error in applying for attorneys' fees in two different amounts, the Court finds that JBSL's intent was to request $6,283.00.  Because JBSL provided documentation in support of that request, the Court ADOPTS the Magistrate Judge's Recommendation that the bill of costs be granted as to attorneys' fees.

      2.   Costs

Because JBSL's itemization of its non-attorney-fee costs, pursuant to Fed. R. Civ. P. 54(d)(1), includes numerous entries that do not, on their face, meet § 1920's definition of "costs," the Court may not grant that portion of the proposed bill of costs.  Therefore, the Court does not adopt the Magistrate Judge's Recommendation as to non-attorney-fee

costs. JBSL may file, within 10 days of the filing of this order, a revised bill of non-attorney-fee costs and supporting affidavit that comply with Rule 54(d) and § 1920. JBSL is instructed that its supporting affidavit and exhibits must be specific and precise in demonstrating that each cost alleged is properly recoverable under Rule 54(d).

III.   Conclusion

It is hereby ORDERED that JBSL's bill of costs (Dkt. #73) is GRANTED IN PART, as to attorneys' fees, and that no later than July 15, 2009, N-Zyme shall pay to JBSL the sum of $6,283.00 in attorneys' fees.

It is further ORDERED that JBSL's bill of costs is DENIED IN PART, as to non-attorney-fee costs recoverable pursuant to Fed. R. Civ. P. 54(d). JBSL may submit a revised bill of costs and supporting affidavit, only as to non-attorney-fee costs, within 10 days of the filing of this order. If JBSL submits such a revised bill of costs, it should be reviewed first by Magistrate Judge Watanabe. The court requests a new Recommendation from the magistrate judge on any such revised bill of costs.

If no revised bill of costs is submitted within 10 days of the filing of this order, JBSL shall be deemed to have waived any request for non-attorney-fee costs, and the award of $6,283.00 in attorneys' fees shall be deemed final.

DATED at Denver, Colorado, this 24th day of June, 2009.

BY THE COURT:

*s/ David M. Ebel*

_____

David M. Ebel
United States Circuit Judge