IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02635-DME-MJW

JAPAN BIO SCIENCE LABORATORY CO., LTD.,

Plaintiff,

v.

N-ZYMECEUTICALS, INC.,

Defendant.

---

## RECOMMENDATION REGARDING PLAINTIFF JAPAN BIO SCIENCE LABORATORY COMPANY, LTD'S AMENDED BILL OF COSTS (DOCKET NO. 79)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court for consideration on the Plaintiff Japan Bio Science Laboratory Company, LTD's ("Plaintiff") Amended Bill of Costs (docket no. 79) pursuant to Senior Judge Ebel's Order Adopting in Part Recommendation of United States Magistrate Judge and Awarding Attorneys' Fees (docket no. 78). See pages 2, 3, and 4 in docket no. 78. The court has reviewed the Plaintiff's Amended Bill of Costs and the attachments thereto. The Defendant N-Zymeceuticals, Inc. ("Defendant"), did not file any timely response to the Plaintiff's Amended Bill of Costs. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. In particular, this court has considered Fed. R. Civ. P. 54(d), 28 U.S.C. § 1920, and Crawford Fitting Co. v. J.T. Gibbons, Inc., 482

2

U.S. 437, 440-42 (1987). The court now being fully informed makes the following findings of fact, conclusions of law and recommendation.

### FINDING OF FACT AND CONCLUSIONS OF LAW

This court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each side has been given a fair and adequate opportunity to be heard;

4. That Defendant was sent via first class U.S. Mail a copy of the Plaintiff's Amended Bill of Costs (docket no. 79) and the attachments thereto on July 9, 2009. See certification of service attached to Plaintiff's Amended Bill of Costs (docket no. 79);

5. That Defendant has failed to file any timely response to Plaintiff's Amended Bill of Costs (docket no. 79);

6. That Westlaw charges of **$262.45 and $456.09** should be denied as not authorized under 28 U.S.C. § 1920. Sorbo v. United Parcel Service, 432 F.3d 1169, 1180 (10th Cir. 2005) ("The district court included in its award matters that are not within the scope of § 1920, such as: . . . computer assisted legal research . . . ."); Jones v. Unisys Corp., 54 F.3d 624, 633 (10th Cir. 1995) ("costs for computer legal research are not statutorily authorized, and the

district court should 'sparingly exercise its discretion with regard to expenses not specifically allowed by statute'");

7. That the travel expenses for the deposition of K. Solerno in the amount of **$382.51** should denied as they appear to be attorney Pero's travel expenses, not deponent Solerno's, and thus are also not authorized under § 1920. See Sorbo, 432 F.3d at 1180 ("The district court included in its award matters that are not within the scope of § 1920, such as: . . . [attorney] travel and other incidental expenses . . . ."); and

8. That the deposition fees and transcripts of R. Holsworth and M. Holsworth in the amount of **$1359.35** and K. Solerno in the amount of **$297.29** be awarded in favor of the Plaintiff and against the Defendant as it is more likely than not that the depositions were reasonably necessary for plaintiff to determine claims, damages, etc. See Jones, 54 F.3d at 633 ("The general costs statute authorizes recovery by the prevailing party of certain costs, including court reporter fees for transcripts . . . 'necessarily obtained for use in the case.'").

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **RECOMMENDS**:

1. That Plaintiff Japan Bio Science Laboratory Company, LTD's

4

("Plaintiff") Amended Bill of Costs (docket no. 79) be GRANTED;

2. That costs in the amount of **$1656.64** (deposition fees and transcripts in the amounts of $1359.35 and $297.29) be awarded in favor of the Plaintiff and against the Defendant;

3. That the Clerk of Court be directed to award costs consistent with this recommendation.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 3rd day of August 2009.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE