# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-02635-DME-MJW

JAPAN BIO SCIENCE LABORATORY CO., LTD.,

      Plaintiff,

v.

N-ZYMECEUTICALS, INC.,

      Defendant.

## ORDER ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND AWARDING COSTS

This matter is before the Court upon Magistrate Judge Watanabe's Recommendation on August 3, 2009 (Dkt. #80) awarding, in part, the costs requested by Plaintiff, Japan Bio Science Laboratory Inc. ("JBSL").  On April 23, 2009, this Court issued an order granting default judgment to JBSL and ordering Defendant, N-ZymeCeuticals, Inc. ("N-Zyme"), to pay JBSL's reasonable costs, including attorneys' fees, for the following: (1) JBSL's Appearance at the Final Pretrial Conference on December 7, 2008; (2) the originally scheduled show-cause hearing on January 9, 2009; and (3) the rescheduled show-cause hearing on February 12, 2009.  (Dkt. #71.)  In response, on June 9, 2009, Judge Watanabe issued a Recommendation awarding attorneys' fees and costs.  (Dkt. #77.)  This Court adopted that Recommendation with respect to the award of attorneys' fees, but rejected the recommendation on costs because many of the costs identified fell outside the statutory definition of recoverable costs.  (Dkt. #78.)  JBSL timely filed a revised bill of costs (Dkt. 79) upon which Judge Watanabe's August 3 Recommendation is based.  Neither party filed objections to this Recommendation.

I.      Standard of Review

Because neither party filed objections, this Court may, in its "considerable discretion," review the Recommendation under "any standard it deems appropriate." Summers v. Utah, 927 F.2d 1165, 1167-68 (10th Cir. 1991). The Court has reviewed the Recommendation for "clear error on the face of the record." See Strepka v. Sailors, 494 F. Supp. 2d 1209, 1215 (D. Colo. 2007).

II.     Discussion

For the reasons that follow, the Court concludes that there is not clear error on the face of the record. Accordingly, the Court adopts Judge Watanabe's Recommendation in full.

A. *Costs Recoverable under Fed. R. Civ. P. 54(d)(1)*

In Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440-42 (1987), the Supreme Court held that "the term 'costs' as used in Rule 54(d)" is defined by the language of 28 U.S.C. § 1920." The Court explicitly rejected the possibility that "the discretion granted by Rule 54(d) is a separate source of power to tax as costs expenses not enumerated in § 1920. 482 U.S. at 441. Rather, "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Id. at 441-42. Section 1920 grants federal courts the authority to "tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of . . . title [28];
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of . . . title [28].

B. *Ruling on the Magistrate Judge's Recommendation*

While JBSL requested an award of $2,757.69 in total costs, Judge Watanabe recommended awarding only $1,656.64. He recommended denying Westlaw charges ($262.45 and $456.09) and travel expenses for K. Solerno's deposition ($382.51) because they appeared to cover the attorney's travel expenses, not deponent Solerno's expenses. In contrast he recommended awarding the depositions fees and transcript fees of R. Holsworth and M. Holsworth ($1359.35) as well as K. Solerno ($297.29).

Judge Watanabe did not clearly err in denying the Westlaw charges and travel expenses. The Tenth Circuit has held that computer-assisted legal research falls outside the definition of "costs" in Section 1920. See Sorbo v. United Parcel Service, 432 F.3d 1169, 1180 (10th Cir. 2005). It has also held that counsel's travel expenses are not recoverable costs under Section 1920. See id. JBSL's travel expenses appear to be those dated 10/30/08, which total $382.51:

| | |
|---|---|
| Reimbursable Expense – Radison Hotel, lodging for E. Peros in Orange county on 10/27/08 – 10/28/08 | $122.08 |
| Reimbursable Expense – Budget Rental Car for E. Peros in CA on 10/27/08 – 10/28/08 | $183.51 |
| Reimbursable Expense – Breakfast in CA for E. Peros on 10/28/08 | $8.70 |

3

|  |  |
|---|---|
| Reimbursable Expense – Lunch in CA for E. Peros on 10/28/08 | $15.79 |
| Snack in CA for E. Peros on 10/28/08 | $4.55 |
| Reimbursable Expense – Parking at DIA for E. Peros on 10/27/08-10/28/08 | $34.00 |
| Federal Express Delivery to V. Hackel on 10/23/08 | $13.88 |

The language of the billing statement suggests that Elizabeth Peros, JBSL's attorney, incurred these travel expenses and that the Federal Express delivery charged related to V. Hackel. Although K. Solerno may have actually incurred these expenses, JBSL offers no explanation for the billing statement's language. Thus, Judge Watanabe did not clearly err by finding these expenses attributable to counsel based on the language of the billing statement.

Judge Watanabe also did not clearly err in awarding as costs the deposition fees and transcripts fees of R. Holsworth, M. Holsworth, and K. Solerno. Section 1290 authorizes recovery of "court reporter fees for transcripts and fees for copies of papers 'necessarily obtained for use in the case.'" See Jones v. Unisys Corp., 54 F.3d 624, 633 (10th Cir. 1955) (quoting 28 U.S.C. § 1920(2),(4)). Ralph and Marcella Holsworth own and operate N-Zyme. Ralph executed the exclusive supply contract, and Marcella managed N-Zyme's relationship with JBSL. Kevin Salerno had "numerous communications" with the Holsworths related to the sale of the product covered by the contract. The fees and transcript costs are adequately described in JBSL's billing statements, totaling $1,656.64:

| 11/20/08 | Fees & Transcripts / Hunter & Geist, Inc. | $641.65 |
| | Fees & Transcripts Hunter & Geist, Inc. | $717.70 |
| 12/01/08 | Fees & Transcripts / Hunter & Geist, Inc. – Orig. Invoice 11/14 | $297.29 |

Based on the roles of these individuals and the adequate description, Judge Watanabe did not clearly err in concluding that their depositions were reasonably necessary for JBSL to assess their claims and determine damages.

III.   Conclusion

It is hereby ORDERED that JBSL's Amended Bill of Costs (Dkt. #79) is GRANTED IN PART as recommended by Magistrate Judge Watanabe (Dkt. #80), and that no later than November 20, 2009, N-Zyme shall pay JBSL the sum of $1,656.64 (deposition fees and transcripts fees) as costs.  JBSL's request for $1,101.05 (Westlaw charges and counsel's travel expenses) is DENIED.

Dated this    29th    day of       September      , 2009.

                                              BY THE COURT:

                                              *s/ David M. Ebel*

                                              U. S. CIRCUIT COURT JUDGE